IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3031 |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL KONING, LOWELL BAISDEN, SUSAN BAISDEN-KONING, | ) ) ) | FINDINGS, RECOMMENDATION, AND ORDER |
| | ) | |
| Defendants. | | |

Pending before me are the following interrelated motions:

- Michael Koning's Motion to Sever Trial from Trial of Lowell Baisden for Misjoinder and for Prejudical Joinder, (filing no. 57);

- Lowell Baisden's Motion to Sever his trial from that of Michael Koning and Susan Baisden-Koning, (filing no. 88); and

- Susan Baisden-Koning's Motion to Sever her trial from that of Michael Koning and Lowell Baisden, (filing no. 91).

In other words, Michael Koning does not object to being tried with Susan Baisden-Koning, his wife; Susan Baisden-Koning objects to being tried with either her husband or Baisden; and Baisden, like Susan Baisden-Koning, asserts he cannot have a fair trial unless he is tried alone. Michael Koning and Susan Baisden-Koning further claim that once their trials are severed from Baisden's, Baisden must be tried first to assure he is available as a witness at Michael Koning's and Susan Baisden-Koning's trial(s) (filing nos. 79 & 91).

The government objects to severance, and instead moves to consolidate this case and two additional cases against Baisden into a single trial. See filing no. 71;. United States v. Baisden, 4:10CR3025, filing no. 27, and United States v. Baisden, 4:10CR3026, filing no. 26.

The two additional indictments are filed in this district, and both allege Baisden used the same fraudulent scheme implemented with the Michael Koning and Susan Baisden-Koning to facilitate other accounting clients in committing tax evasion. Specifically, United States v. Baisden, 4:10CR3025 alleges Baisden conspired with W.W. and D.W.,[1] and United States v. Baisden, 4:10CR3026 alleges Baisden conspired with M. T. and D. T.[2] to fraudulently avoid payment of taxes.

## STATEMENT OF FACTS

Defendant Michael Koning is a physician who practices in North Platte, Nebraska. Defendant Susan Baisden-Koning is Dr. Koning's wife and resides with him in Grand Island. Defendant Lowell Baisden, Susan's brother and Dr. Koning's brother-in-law, is a Certified Public Accountant and has been licensed in California and Utah. He has served as Michael and Susan's tax advisor and preparer since 1999. His services include establishing an number of separate corporations, of which Dr. Koning and/or Susan Baisden-Koning were the principals, as part of a comprehensive tax planning strategy. In turn, Dr. Koning and Susan Baisden-Koning allegedly referred additional clients to Mr. Baisden and received compensation for the referrals. The propriety of the tax planning, and the intent of the defendants regarding their efforts to avoid income tax and refer clients to Mr. Baisden, are at issue in this case.

    A.   Previous Legal Actions

The tax practices of Mr. Baisden produced a great deal of interest from the United States. Mr. Baisden was previously investigated by the Internal Revenue Service for various civil matters, including fraud. See Baisden v. Commissioner, TC Memo 2008-215 (2008).

---

[1] See United States v. Walter R. Weaver and Deborah R. Weaver, 4:10-cr-03045.

[2] See United States v. Michael Trierweiler and Deanna Trierweiler, 4:10-cr-03044.

Mr. Baisden was also subject to a suit in the United States District Court for the Eastern District of California in which the United States sought a permanent injunction prohibiting Mr. Baisden from, among other things, representing clients before the Internal Revenue Service due to his tax practices. See United States v. Baisden, Case No. 1:06cv01368 (E.D. Cal.). Likewise, Michael Koning and Susan Baisden-Koning have been subject to an Internal Revenue Service audit, which eventually became a criminal investigation. These various investigations resulted in several declarations, communications, and depositions. The defendants each assert they need to use, or prevent the use of, various statements and declarations made in the previous cases and investigations to bolster their respective defenses. The defendants further allege, their respective efforts to use previous statements by the other defendants will be impeded, if not completely prevented, if the trials are not severed.

For instance, Dr. Koning seeks to use statements made by Mr. Baisden to the Internal Revenue Service during the course of the criminal investigation. A sampling of these statements include Mr. Baisden's assertion that the questionable method of Dr. Koning's compensation from one of the corporations was "definitely" Mr. Baisden's idea (filing no. 59-2, at CM/ECF p. 40.); Dr. Koning was not a C.P.A. or a "tax preparer" (Id. at CM/ECF p. 18); Dr. Koning did not have "a working knowledge of how income taxes work or how they interface with the business" (Id.); and various assertions that Dr. Koning did not always carefully review his income tax returns and trusted Mr. Baisden (Id. at CM/ECF pp.13 & 22). Dr. Koning asserts he will not be able to use these statements if his trial is not severed from Mr. Baisden.

B.  Current Indictment

On March 20, 2009, the United States filed a five-count indictment against the defendants alleging a conspiracy to commit tax evasion and aiding and abetting tax evasion, in violation of Title 26, United States Code, Section 7201 and Title 18, United States Code, Section 2. The government alleges the conspiracy involved a plan to defeat income and other taxes by improperly concealing, shifting and assigning the personal income of Michael Koning and Susan Baisden-Koning, at the direction of Lowell Baisden, to nominee corporations controlled by them, (filing no. 1, ¶17). The United States alleges false tax returns were prepared to conceal income from the Internal Revenue Service. (Id. at ¶18-21). The indictment further alleges that, as part of the conspiracy, Michael Koning and Susan Baisden-Koning arranged for Lowell Baisden to travel to North Platte, Nebraska, for the purpose of recruiting medical professionals to engage in Baisden's scheme to evade taxes and Baisden would pay referral fees to Susan Baisden-Koning for her and Michael Koning's assistance in recruiting other clients for Baisden. The indictment alleges that during the course of the conspiracy, the Konings and Baisden assisted North Platte area taxpayers in evading the assessment of $579,000 in individual federal income taxes. In total, the United States alleges the defendants attempted to defraud, evade or defeat approximately $1.5 million in individual federal income taxes for all taxpayers involved. (Id. at ¶24).

In March 2010, Lowell Baisden was charged in two separate indictments with aiding and abetting tax evasion relating to residents of North Platte, Nebraska, designated as "M.T., D.T., W.W., and D.W." (see case nos. 4:10CR3025 and 4:10CR3026). Each of the indictments allege Baisden aided and abetted the evasion of income tax due from these residents of North Platte, Nebraska, by numerous means, including concealing income from the Internal Revenue Service, using nominee corporations, filing false tax returns, and materially misrepresenting the income taxes owed by the individual taxpayers. The United

States asserts the allegations in cases 4:10CR3025 and 4:10CR3026 allege the same type of tax evasion schemes underlying the indictment involving Michael Koning and Susan Baisden-Koning.

## LEGAL ANALYSIS

    A.    Motions to Sever.

The defendants claim they were improperly joined in the indictment. Joinder of counts in an indictment is governed by Rule 8 of the Federal Rules of Criminal Procedure which provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed.R.Crim.P. 8.

The indictment in this case includes five counts, each count alleging the defendants conspired to defraud the United States by committing tax evasion crimes. Generally, persons charged in a conspiracy or jointly indicted on similar evidence should be tried together. U.S. v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009); United States v. Brown, 331

F.3d 591, 595 (8th Cir. 2003). The indictment itself outlines 146 alleged overt acts, each act committed by one or more of the defendants, in furtherance of their alleged conspiracy. The joinder of the government's pending charges against Baisden, Michael Koning, and Susan Baisden-Koning does not violate Rule 8.

Even when joinder is proper under Rule 8, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, a judge may order severance if joinder at trial will prejudice the defendant. U.S. v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009); United States v. Wadena, 152 F.3d 831, 849 (8th Cir. 1998). Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Fed.R.Crim.P. 14.

When defendants are properly joined, there is a strong presumption for a joint trial because it affords the jury the best perspective on all of the evidence, thereby increasing the likelihood of a correct outcome. Lewis, 557 F.3d at 609. This presumption can only be overcome if the prejudice is "severe or compelling." United States v. Crumley, 528 F.3d 1053, 1063 (8th Cir.2008). "[A] defendant must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004) (quoting United

States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993) (citing United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir.1988)).

A defendant seeking severance has the heavy burden of demonstrating that the joint trial will impermissibly infringe on his right to a fair trial. United States v. Baker, 98 F.3d 330, 340 (8th Cir. 1996).

> [A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. See Kotteakos v. United States, 328 U.S. 750, 774-775, 66 S.Ct. 1239, 1252-1253, 90 L.Ed. 1557 (1946). Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. See, e.g., Tifford v. Wainwright, 588 F.2d 954 (5th Cir. 1979) ( per curiam ). The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here. When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. See 481 U.S., at 211, 107 S.Ct., at 1709.

Zafiro v. U.S., 506 U.S. 534, 539 (1993).

Essentially paralleling the analysis in Zafiro, the defendants claim severance is required due to: 1) the vast disparity in the amount and weight of evidence against each of the defendants; 2) the presence of irreconcilable defenses; 3) the foreseeable risk of violating the Confrontation Clause, as interpreted under Bruton v. United States, 391 U.S. 123, 128-29 (1968), if the defendants are tried together; 4) Michael Koning and Susan Baisden-Koning's inability to offer essential exculpatory statements absent severance; and 5) Michael Koning and Susan Baisden-Koning's inability to call Baisden as a trial witness if Baisden is not tried both separately and first. These arguments will be discussed separately below.

    1.    Varying amounts of evidence.

According to defendants Michael Koning and Susan Baisden-Koning, the government will offer significantly more compelling and voluminous evidence against Baisden than against Dr. Koning, and more evidence against Baisden and Dr. Koning than against Susan Baisden-Koning. Therefore, Susan Baisden-Koning argues she should not be tried with either her husband or Baisden, and Dr. Koning argues he should not be tried with Baisden, because a joint trial raises the risk of erroneously convicting Michael Baisden and Susan Koning-Baisden on the basis of a co-defendant's wrongdoing. Filing No. 58, p. 31; filing no. 92, p. 3. However, "[s]everance is not required merely because evidence that is admissible only against some defendants may be damaging to others." Mickelson, 378 F.3d at 817. A motion for severance may be denied even though the defendant argues that "not every joined defendant has participated in every offense charged," or that "there is varying strength in the evidence against each defendant." United States v. Lee, 374 F.3d 637, 646 (8th Cir. 2004)(internal citations omitted). When such concerns are raised, "[t]he risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." Mickelson, 378 F.3d at 817. See, e.g., United States v. Flores, 362 F.3d 1030, 1042 (8th Cir. 2004) (holding the defendant failed to prove "spillover" or a finding of "guilt by association"

where the district court instructed the jury that "each defendant is entitled to be treated separately and to have the charge against him considered separately").

"Mere disparity of evidence against codefendants or the alleged prejudicial spillover effect of evidence against a codefendant are not grounds for severance absent a showing that the jury will be unable to compartmentalize the evidence against each individual defendant." United States v. Kime, 99 F.3d 870, 880 (8th Cir. 1996). Defendants Michael Koning and Susan Baisden-Koning have failed to show the jury will be unable to consider the evidence as to each separate defendant and enter a verdict accordingly. The court should deny these defendants requests for severance based on the varying degrees of evidence to be offered at trial.

      2.      Irreconcilable defenses.

Michael Koning argues severance is required because his defenses and those of Baisden are irreconcilable. He explains:

> Cautionary or limiting jury instructions will do nothing to reconcile the differences in the evidence and defenses proffered by Dr. Koning and Baisden. Baisden stands on his expertise as a CPA and the theories he espouses. . . . Dr. Koning, on the other hand, relied on Baisden's self-proclaimed expertise, unaware that Baisden was negligent, committed accounting malpractice and failed to conduct himself as a reasonable accountant. Their positions are at odds and one cannot be reconciled with the other.

Filing No. 58, p. 36.

Baisden's defense of expertise and innocense, and Dr. Koning's defense of personal ignorance and good faith reliance on Baisden, are not inconsistent, much less irreconcilable.

There is no evidence Baisden intends to shift blame to Dr. Koning or Susan Baisden-Koning at trial, and even if that position changes, "[t]he mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." Flores, 362 F.3d at 1039-40. Finally, "[e]ven if the defenses offered by jointly tried defendants are mutually antagonistic, the defendants are not automatically entitled to severance." Id. Michael Koning's claim for severance based on the likelihood of irreconcilable defenses should be denied.

       3.      The foreseeable risk of a Bruton violation.

Citing Bruton v. United States, 391 U.S. 123, 128-29 (1968), the defendants have each expressed concern over the use of statements made in other court proceedings that will incriminate each of them respectively. Specifically, Baisden is concerned statements made by Koning in a separate proceeding will implicate Baisden if offered at trial without giving Baisden the opportunity to confront the witness, and Koning is concerned Baisden's prior testimonial statements will inculpate Koning. Although none of the testimonial statements at issue mention Susan Baisden-Koning, she claims the statements will "spillover" to her and pose a risk of conviction by association. Susan Baisden-Koning also argues that if the disclosed correspondence between Michael Koning and his attorney, Todd McWha,[3] is offered at trial, her Bruton rights will be violated and she will face an even greater risk of being found guilty based on evidence of her husband's wrongdoing.

The government cannot use out-of-court statements made by one non-testifying codefendant that constitute inadmissible hearsay as to another codefendant where the statements expressly implicate the codefendant who did not make the statement. See Bruton, 391 U.S. at 128-29. Bruton found:

---

[3]The McWha documents remain the subject of a motion to return or destroy pursuant to Rule Rule 502(b) of the Federal Rules of Evidence. See Filing No. 27. The evidentiary hearing on that motion awaits the filing of all pretrial motions in this case.

> [T]he introduction of [the co-defendant's] confession posed a substantial threat to [Bruton's] right to confront the witnesses against him and this is a hazard we cannot ignore. Despite the concededly clear instructions to the jury to disregard [the co-defendant's] inadmissible hearsay evidence inculpating [Bruton] in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for [Bruton's] constitutional right of cross-examination. The effect is the same as if there had been no instruction at all.

Id. at 137.

Dr. Koning provided a declaration and sworn deposition in United States v. Baisden, 1:06CV1368 (U.S. Dist. Ct. E.D. Cal.) which implicates Baisden as the person who orchestrated the allegedly fraudulent tax evasion scheme at issue. See filing no. 89. Baisden has also provided testimonial statements in prior proceedings. See filing no. 59. Michael Koning claims these statements are inculpatory when arguing for severance under Bruton, but claims they are exculpatory when arguing for severance under Rule 14. See filing no. 58, pp. 30-35.

In response, the government's brief states "it will not introduce at a joint trial any statement by Michael Koning or Baisden in a civil court proceeding that implicates another defendant." Filing No. 100, p. 6. By agreeing not to introduce these testimonial statements, the government is essentially curing any potential risk posed under Bruton. See United States v. Meyer, 404 F.2d 254, 255 (9th Cir. 1968).

The government's concession does not address Susan Baisden-Koning's argument that introducing the McWha documents at trial will violate Bruton. However, Bruton in not applicable to the McWha documents. As very recently explained by the Eighth Circuit,

-11-

"[t]he Confrontation Clause does not apply to non-testimonial statements by an out-of-court declarant." United States v. Dale, 2010 WL 2977410, at *8 (8th Cir. July 30, 2010).

> Various formulations of . . . testimonial statements exist: ex parte in-court testimony or its functional equivalent--that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially, . . . extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions, [and] statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

Dale, 2010 WL 2977410 at *8 (quoting Crawford v. Washington, 541 U.S. 36, 51-52 (2004) (internal citations omitted).

A reasonable person would not anticipate that letters exchanged between an attorney and client for the purpose of obtaining legal advice would be available for use at trial. Under the explanation set forth in Crawford and Dale, the McWha documents are therefore not testimonial statements. Since the McWha documents are not testimonial statements, the Confrontation Clause rights as interpreted in Bruton will not be violated even if the court finds Michael Koning's attorney-client privilege has been waived as to the McWha documents, and the documents are offered and received at trial.

Bruton does not support the defendants' arguments for severance.

4. Inability to offer essential exculpatory statements.

Michael Koning's brief states:

-12-

> Dr. Koning has consistently and steadfastly maintained his innocence. During the criminal investigation, Baisden gave a recorded statement, which validates Dr. Koning's position that he is innocent of the charges brought against him. . . . [E]xcerpts from the recorded transcript demonstrate Baisden's willingness to take the blame for the tax events that led to the criminal investigation.

Filing No. 58, p. 31. In the transcribed statement, Baisden states Koning lacks a working knowledge and good understanding of income taxes because he is not a CPA, Baisden prepared and explained the tax returns, and Baisden believes Michael Koning and Susan Baisden-Koning sometimes signed the return without being totally aware of its contents. Michael Koning argues severance is necessary because "[a] joint trial, conducted with Baisden, may not permit Dr. Koning to offer this exculpatory evidence." Filing No. 58, p. 34.[4]

To be entitled to severance based on the inability to offer a statement or testimony of a codefendant, a defendant must show the evidence would be substantially exculpatory. To be substantially exculpatory, "the testimony must do more than merely tend to contradict a few details of government's case." United States v. Darden, 70 F.3d 1507 (8th Cir. 1995). Even if Baisden's trial was severed, the court questions whether Baisden's conclusory statement as to what Michael Koning or Susan Baisden-Koning knew and understood about income tax obligations would be admissible at trial. Conclusory statements, without supporting foundation and facts, cannot provide the substantially exculpatory evidence needed to support a motion for severance. Mickelson, 378 F.3d at 817 (holding severance was not warranted where, had the cases been tried separately, a co-defendant would have testified "there was no conspiracy or agreement to manufacture methamphetamine").

---

[4]This recommendation does not discuss the issue of whether Michael Koning can offer Baisden's statement against Baisden at a joint trial. Michael Koning's brief assumes he cannot, and for the purposes of this recommendation, that assumption is presumed to be true.

Baisden's transcribed statements may assist Michael Koning and Susan Baisden-Koning to prove Baisden was making and implementing the primary decisions in preparing their joint tax returns, but such testimony is not sufficiently exculpatory as to justify a severance. See United States v. Taylor, 253 F.3d 1115, 1116 (8th Cir. 2001) (holding severance was not required even though a son's joint trial with his father prohibited the son from introducing evidence of his father's out-of-court statement implicating the father and a cousin, not the father and the son, as the masterminds of a bank fraud conspiracy).

     5.     Inability to call Baisden as a trial witness.

Michael Koning and Susan Baisden-Koning claim they must have separate trials from Baisden, and Baisden must be tried first, so that Baisden is available to testify at their trials. The Koning defendants argue Baisden's testimony will assist them in obtaining an acquittal. A defendant who claims separate trials are necessary in order to call a co-defendant as a witness must provide a "firm representation" that the co-defendant would be willing to testify on defendant's behalf. Crumley, 528 F.3d at 1063.

The Koning defendants have offered nothing to indicate Baisden would agree to testify at trial even if he was tried first. Baisden may still be facing other criminal and civil lawsuits, and he may decide to exercise his Fifth Amendment rights throughout the sentencing and appellate phases of this case, and thereafter if the risk of civil liability or criminal prosecution remain.

The Koning defendants have failed to show Baisden would testify at their trials even if the case was severed. Their claims for severance, and their motions for a ruling that Baisden will be tried first, should be denied.

-14-

Joinder is proper under Rule 8, and the defendants have failed to show any basis for severance under Rule 14. The defendants' motions to sever, (filing nos. 57, 88 and 91) and Michael Koning and Susan Baisden-Koning's motions to have Baisden tried first, (filing nos. 79 and 91), should be denied.

B. <u>Motions to Consolidate.</u>

The government has moved to consolidate the above-captioned case with United States v. Baisden, 4:10CR3025 and United States v. Baisden, 4:10CR3026. Pursuant to Rule 13 of the Federal Rules of Criminal Procedure:

> The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

Fed. R. Crim. P. 13. Accordingly, the threshold inquiry is whether the cases the government wants to consolidate could have been brought in a single indictment. That question is governed by Rule 8. 1A Wright & Leopold, Federal Practice and Procedure: Criminal 4th § 141.

"Rule 8(a) describes when it is permissible for a defendant to be charged with multiple offenses in a single trial, while Rule 8(b) describes when it is permissible to try multiple defendants in a single trial. The Rule is permissive; a prosecutor "may" charge multiple counts and multiple defendants in one trial, but is not required to do so." Id. Having decided the government's case against the Konings and Baisden should not be severed, and therefore

-15-

remains a multiple defendant case, the court will apply Rule 8(b) in determining if the three cases against Baisden could be consolidated.[5]

For joinder of defendants under Rule 8(b) to be proper, "there must be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." United States v. Sazenski, 833 F.2d 741, 745 (8th Cir. 1987). In addition, "to be part of the 'same series of acts,' the offenses charged must be part of one overall scheme about which all joined defendants knew and in which they all participated." Id.

The court has reviewed the allegations of the government's indictments against Baisden in United States v. Baisden, 4:10CR3025, and United States v. Baisden, 4:10CR3026. These indictments do not allege a conspiracy, and do not mention or allege any connection with the Koning defendants. Absent severance of the trial in the government's case against Baisden and the Konings, the government's three cases against Baisden do not allege a common scheme or series of transactions involving all the defendants, and joinder under Rule 8(b) would be improper. See, e.g., Sazenski, 833 F.2d at 745 (holding joinder improper where one defendant had absolutely no connection to the cocaine transactions that took place between a codefendant and a government informant five months before the marijuana conspiracy was alleged to have begun; despite the government's argument that the cocaine dealings "provided the genesis" of the marijuana operation); United States v. Bledsoe, 674 F.2d 647 (8th Cir. 1982) (holding joinder was inappropriate where the indictment did not reveal any basis for joining charges against multiple defendants of

---

[5]If severance of the Koning/Baisden case is granted, Rule 8(a) applies and consolidation may be permitted under Rule 13. Even absent severance in the Koning/Baisden case, under Rule 8(a), the two government cases against Baisden alone could be joined, but no party has made that request, and it is therefore not addressed in this recommendation.

conspiracy and racketeering with counts involving only one defendant alleging securities fraud).

Even if joinder was proper under Rule 8, consolidation under Rule 13 is a matter of judicial discretion. See Robinson v. Wyrick, 735 F.2d 1091 (8th Cir. 1984); Friotto v. United States, 124 F.2d 532, 536 (8th Cir. 1942). Given the magnitude and sheer volume of evidence the government seeks to present in other cases against Baisden, much of which will not apply to Michael Koning and Susan Baisden-Koning, consolidation of these cases is inappropriate.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Court Judge, that:

1) The defendants' motions to sever, (filing nos. 57, 88 and 91) and Michael Koning and Susan Baisden-Koning's motions to have Baisden tried first, (filing nos. 79 and 91), be denied; and

2) The government's motion to consolidate, (filing no. 71), be denied.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT FURTHER HEREBY IS ORDERED:

1) The status conference currently scheduled for September 15, 2010 at 9:00 a.m., is continued pending the court's ruling on the severance and consolidation issues in this case.

2) To the extent an evidentiary hearing is necessary, the evidentiary hearing on pretrial motions, which was previously scheduled to commence immediately

after the September 15, 2010 status conference, is continued pending the filing of all pretrial motions.

DATED this 10th day of September, 2010.

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.