**U.S. Department of Justice**

*United States Attorney*
*District of Nebraska*

FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2011 OCT -3  AM 8: 18

*487 Federal Building*
*100 Centennial Mall North*
*Lincoln, Nebraska 68508-3865*

*PH: (402) 437-5241*
*FAX: (402) 437-5390*

September 30, 2011

John C. Vanderslice
Federal Public Defender's Office
100 Centennial Mall North
112 Federal Building
Lincoln, NE 68508

Re: *U.S. v. Lowell Baisden*, 4:09CR3031

Dear John:

In response to the Court's Order of September 22, 2011, filing #215, the government provides you with the following information:

1.      Attached to this letter are the citations to the Internal Revenue Code in cases that will be primarily relied upon by Richard Troester in providing his expert opinion related to the computation of tax due and owing for the years in question.  If you have any questions regarding this information, please let me know.

2.      With respect to the names of coconspirators who will not appear at trial, and who made statements for which the government will seek admission under the provisions of Federal Rule of Evidence 801(d)(2)(E), please note that there are no coconspirators involved in this matter who will not appear at trial.  Moreover, to the extent that there are other coconspirators who will not appear at trial, it is not the government's intention to offer any statements under the provisions of Federal Rule of Evidence 801(d)(2)(E).

If you have any further questions regarding this matter please let me know.

Very truly yours,

DEBORAH R. GILG
United States Attorney, D. NE

By:     STEVEN A. RUSSELL
Assistant U. S. Attorney

SAR/al
cc: Judge Kopf
Enclosure

IRC Sec. 280F:
1. Airplanes are listed property
2. Airplanes are 5 year property-Rev. Rul. 87-56

Income:
1. IRC Sec. 61-gross income includes (except as otherwise provided) all income from whatever source derived.

2. **IRC Sec. 61(a)(1) & Treasury Reg. Sec. 1.61-2(a)(1)** Salary, wages, compensation for services included in income.
3. **IRC Sec. 61(a)(3) & Treasury Reg. Sec. 1.61-6(a)** gains from dealing in proporty included in gross income.
   a.    **IRC Sec. 1001(a) & (b)** Amount realized from sale.
   b.    **IRC Sec. 1012** Adjusted basis of pproperty
   c.    **Treas. Reg. 1.61-6(a)** If pieces of property are sold separately, sale of each part treated as a separate sale, gain or loss not deferred until all parts of the property have been sold. Allocation of cosot basis when multiple lots sold separately.

4. IRC Sec. 3401(c) The definition of an employee includes an officer of a corporation.

Itemized deductions:
1. **IRC Sec. 164(a)(1) & (2)**-state, local & foreign real & personal property taxes
2. **IRC Sec. 164(a)(3)** state, local & foreign income taxes
3. **IRC Sec. 163** interest expense
4. **IRC Sec. 170** charitable contributions
5. **IRC Sec. 67** misc. itemized deductions

Computation of income tax:
1. **IRC Sec. 1**

Payments to non-qualified deferred compensation plan:

**SEC. 409A.** INCLUSION IN GROSS INCOME OF DEFERRED COMPENSATION UNDER NONQUALIFIED DEFERRED COMPENSATION PLANS.


Court cases relied on:

*Lucas v. Earl,* SCt, Link 2 USTC ¶496, 281 US 111, 50 SCt 241.
**Assigned Claims: Anticipatory assignment**
A husband who had entered into a valid contract with his wife providing that the earnings of either spouse should be received, held, taken, and owned by them as joint tenants was taxable on the total amount of earnings received in one year. Since the husband earned all

the salaries and fees, no anticipatory assignment of the income could shelter his tax burden.

*R.A. Allen,* 50 TC 466, <u>Link Dec. 29,011</u>. Aff'd, *per curiam*, CA-3, <u>Link 69-2 USTC</u> ¶9443, 410 F2d 398.
**Assigned Claims: Anticipatory assignment**
A baseball player's contractual bonus that was paid directly to his mother was not taxable to the mother. The player was the source of the income, and the portion paid to his mother amounted to an anticipatory assignment of this income.

*G.C. Page,* 46 TCM 1187, <u>Link Dec. 40,392(M)</u>, TC Memo. 1983-515
**Assigned Claims: Anticipatory assignment**
An individual taxpayer who assigned his salary to a corporation was taxable on the entire amount of the assigned income because it is well established that wages are subject to tax and income is taxed to the person who earns it.

*E.A. Copstead,* 48 TCM 1500, <u>Link Dec. 41,588(M)</u>, TC Memo. 1984-577.
**Assigned Claims: Anticipatory assignment**
An electrician made an anticipatory assignment of income where he sold his personal services to a purported trust under an arrangement whereby he ultimately would receive back 92 percent of the amounts he transferred (paychecks he received for his work) as a gift from a purported charitable trust. Consequently, the electrician was taxable on the amounts transferred and could not deduct or exclude them from income.

*C.R. Amsler,* 51 TCM 978, <u>Link Dec. 43,040(M)</u>, TC Memo. 1986-185.
**Assigned Claims: Anticipatory assignment**
A musician remained taxable on income that he received from performing at clubs, despite his purported assignment of his lifetime services to a trust he created. The taxpayer, and not the trust, controlled the earning of the income. As trustee, the taxpayer negotiated the contracts for his services and he also had access to the trust funds and the ability to direct trust expenditures.

*R.W. Kochansky,* CA-9, <u>Link 96-2 USTC</u> ¶50,431.
**Assigned Claims: Anticipatory assignment**
An attorney who assigned and subsequently disbursed a portion of his fees from a medical malpractice case to his former wife pursuant to their property settlement was required to include the entire fee in his gross income. Even though the fee was contingent at the time of assignment, he provided the legal services in the case that generated the fee and clearly earned the assigned income.

*Keller v. Comm.,* 77 TC 1014 (1981)
A pathologist formed and operated a one-man professional services corporation. The PC adopted a defined benefit pension plan and a medical reimbursement plan. Pathologist signed a contract with PC under which pathologist provided medical services on behalf of the PC. Pathologist's total compensation (salary, pension plan contributions and medical benefits) was essentially equal to what he would have received absent the PC; therefore the pathologist received an amount essentially equal to what he would have received in an arm's-length contract with an unrelated party and the court held that PC was a valid legal entity for tax purposes. Amounts earned directly by the pathologist from another corporation and turned over to the PC were determined to be taxable to the pathologist.

Rev. Ruling 70-101
The Service will generally treat organizations of doctors, lawyers, and other professional people organized under state professional corporation laws as corporations for tax purposes.