FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2011 OCT -3  PM 2: 33

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:09CR3031 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| LOWELL BAISDEN, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Steven A. Russell, Assistant United States Attorney, and defendant, Lowell Baisden, and John Vanderslice, counsel for defendant, as follows:

## I

## THE PLEA

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count IV of the Indictment. Count IV charges a violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2, Aiding and Abetting Tax Evasion.

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.  The United States will move to dismiss the remaining Counts of the Indictment at the time of sentencing.

2.  The United States will also dismiss the Indictments in the cases captioned as *United States v. Lowell Baisden*, 4:09CR3025, and *United States v. Lowell Baisden*, 4:09CR3026 at the time of sentencing.

## II
## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED.

Defendant understands that aiding and abetting the commission of tax evasion as set forth in Count IV, to which defendant is pleading guilty, has the following elements:

1. The defendant knew that the crime of tax evasion was being committed or going to be committed by another person; and

2. The defendant knowingly acted in some way for the purpose of causing, encouraging, and aiding the commission of tax evasion ; and

3. The defendant acted willfully.

## III
## PENALTIES

A.   COUNT IV.

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 5 years in prison;

2. A maximum $250,000 fine;

3. A mandatory special assessment of $100 per count;

and

4. A term of supervised release of up to 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5. Possible ineligibility for certain Federal benefits.

## IV

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

### V

### BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

### VI

### SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the

3

defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## VII

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## VIII

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## IX

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

_10-3-11_
Date

_[signature]_
STEVEN A. RUSSELL
ASSISTANT U.S. ATTORNEY

_10-3-11_
Date

_[signature]_
LOWELL BAISDEN
DEFENDANT

_10-3-11_
Date

_[signature]_
JOHN VANDERSLICE
ASSISTANT FEDERAL PUBLIC DEFENDER
COUNSEL FOR DEFENDANT