IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3031 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| LOWELL BAISDEN, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

    Lowell Baisden, formerly a certified public accountant, filed a Motion to Vacate under 28 U.S.C. § 2255. Baisden claims that his trial counsel, Assistant Federal Public Defender John Vanderslice, was ineffective. After hearing from the government (filing no. 338; filing no. 339) and upon initial review,[1] I deny the motion and dismiss it with prejudice. It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that Baisden is not entitled to relief. A brief explanation follows.

### *BACKGROUND*

    The government indicted Baisden on five counts, including violating 18 U.S.C. § 371, Count I; violating 26 U.S.C. § 7201 and 18 U.S.C. § 2, Counts II, III, and V;

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

and willfully attempting to evade and defeat the income tax due for a married couple in the amount of $236,217, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2, Count IV. Baisden pleaded guilty to Count IV in exchange for the government dismissing the remaining counts in the indictment. Baisden repeatedly affirmed both in writing and orally that he was satisfied with Vanderslice's representation.

Shortly before sentencing, Vanderslice sought permission to withdraw. Vanderslice had represented Baisden for two and a half years but had recently had a heated argument with Baisden about legal strategy. Among other things, Baisden stated that he had provided an extensive analysis of his case to Vanderslice and provided tactical advice, which Vanderslice ignored. I denied the motion.

At sentencing, Vanderslice announced that the defense and the government had agreed on various stipulations for calculating the Guidelines range, resulting in a total offense level of 23 for a range of 46 to 57 months' imprisonment. Baisden acknowledged that he was aware of these stipulations, and he approved the resolution of the sentencing issues. I granted Baisden's motion for a variance from the calculated Sentencing Guidelines range and sentenced Baisden to 37 months in prison and three years of supervised release. With new and retained counsel, Baisden timely appealed. *United States v. Baisden*, 713 F.3d 450 (8th Cir. 2013).

On appeal, and among other things, Baisden argued that Vanderslice refused to raise tax analysis defenses Baisden wanted him to raise. However, and among other things, the Court of Appeals decided that: "Our review of the record confirms that the district court properly reviewed Baisden's request for new counsel and correctly denied it." *Id.* at 455. Indeed, the Court of Appeals determined that "*there is ample support for concluding that Baisden's defense counsel, Vanderslice, provided Baisden competent, effective assistance of counsel.*" *Id.* (emphasis added).

## *ANALYSIS*

Baisden argues that Vanderslice was ineffective. Therefore, if Baisden's claim is not foreclosed for other reasons, the *Strickland* standard must be applied. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (announcing principles for evaluation of claims of ineffective assistance of counsel under the Sixth Amendment). In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel under *Strickland*, the claimant must establish two things. He or she must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'"[2] and (2) that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[3] *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 688, 694.)

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs or the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face

---

[2]A judge's "scrutiny of counsel's performance must be highly deferential," and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. *Strickland*, 466 U.S. at 689.

[3]A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

3

of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

First, most of Baisden's arguments about Vanderslice are foreclosed by the fact that the issue of ineffective assistance of counsel was raised and decided adversely to Baisden on direct appeal. Baisden may not litigate again in this section 2255 proceeding a claim that was presented to the Court of Appeals on direct appeal and denied. *See*, *e.g.*, *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005) (an issue raised and decided against a moving defendant on direct appeal will not be reconsidered on a motion under § 2255 even though it may be presented "in different clothes . . . .").

Second, Baisden argues that after the appeal was presented, the Internal Revenue Service made a refund to the taxpayers who Baisden counseled, and that refund is newly discovered evidence that Vanderslice was ineffective in failing to present Baisden's tax analysis defenses to the trial and sentencing court. However, and while a refund check was issued, it was later determined that the refund was made in error, and the refund check was returned to the IRS without endorsement by the taxpayers. (Filing nos. 320, 321, 322, 324, 325, 327, 328, 329, 330.) Thus, the "refund" proves nothing about the propriety of Baisden's tax analysis or the alleged impropriety of Vanderslice's perfectly correct decision not to submit the bogus analysis.

Finally, to the extent that Baisden asserts other arguments in support of his ineffective assistance of counsel claim, I reject them as frivolous. Baisden has not come close to presenting a reasoned argument, let alone evidence, tending to show that Vanderslice was ineffective or that Baisden was prejudiced by anything that Vanderslice did or failed to do. Accordingly,

4

IT IS ORDERED that Baisden's Motion to Vacate under 28 U.S.C. § 2255 (filing no. [336](#)) is denied and dismissed with prejudice. A separate judgment will be entered.

DATED this 10th day of March, 2014.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.